United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON DAVID HUTTON,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN,<br><br>    Defendant.<br>_____/ | No. CV 09-5388 CRB<br><br>**ORDER GRANTING MOTION FOR ATTORNEYS' FEES** |

In this Social Security case, Plaintiff Jason David Hutton seeks attorneys' fees under the Equal Access to Justice Act ("EAJA") after winning his appeal at the Ninth Circuit. Because the Social Security Commissioner[1] lacked substantial justification for her actions and the fees sought by Plaintiff are reasonable in the main, with the exceptions set forth herein, Plaintiff's motion is GRANTED in part and DENIED in part.

## I. BACKGROUND

This case stems from Plaintiff's appeal of the Social Security Administration's denial of his application for disability benefits. In earlier proceedings before this Court, Plaintiff argued that the Administrative Law Judge ("ALJ") incorrectly found that Plaintiff's post-traumatic stress disorder ("PTSD") and depression were not "severe" impairments, inappropriately failed to credit Plaintiff's treating doctors, and improperly rejected lay

---

[1] Carolyn Colvin became the Acting Commissioner of Social Security on February 14, 2013, and is therefore substituted for Michael Astrue as the Defendant in this action. See 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d). This Order refers to Colvin as the "Commissioner."

testimony about Plaintiff's impairments. MSJ (dkt. 15). This Court granted summary judgment for Defendant on January 14, 2011. MSJ Order (dkt. 20). Plaintiff appealed to the Ninth Circuit, which reversed this Court's decision and remanded to the ALJ for further determinations. Hutton v. Colvin, 491 F. App'x 850 (9th Cir. 2012). The Ninth Circuit remanded on the issues of the ALJ's failure to consider lay testimony and failure to include Plaintiff's non-severe PTSD in his assessment of Plaintiff's residual functional capacity. Plaintiff now seeks attorneys' fees under the EAJA for time spent on the district and circuit court appeals. Mot. Fees (dkt 32).

## II. LEGAL STANDARD

A court shall award a prevailing party its fees and expenses in an action against the United States unless "the position of the United States was substantially justified or special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A position is substantially justified if it is justified to a point that could satisfy a reasonable person, i.e., it has a reasonable basis in law or fact. Pierce v. Underwood, 487 U.S. 552, 565 (1988). It is the Commissioner's burden to show that her position was justified as to the issue upon which the court remanded. Flores v. Shalala, 49 F.3d 562, 569 (9th Cir. 1995).

When determining whether the government was substantially justified, the court must examine whether the government was justified in both its original act and its decision to defend it in court. Kali v. Bowen, 854 F.2d 329, 332 (9th Cir. 1988). The court may not find conduct "substantially justified when the agency's position was based on violations of . . . the agency's own regulations." Gutierrez v. Barnhart, 274 F.3d 1255, 1259 (9th Cir. 2001). When the basis for remand is a procedural issue, such as an incorrect credibility determination, the question is not whether the government's position on the disability claim was justified, but rather whether the government's decision to defend the determination on appeal was substantially justified. Shafer v. Astrue, 518 F.3d 1067, 1071 (9th Cir. 2008).

## III. DISCUSSION

Defendant concedes that Plaintiff was a prevailing party before the Ninth Circuit. Consequently, this Court only considers whether Defendant's actions were substantially

justified and the reasonableness of Plaintiff's attorneys' fees request. Because this case was remanded on the procedural issues of failing to include non-severe impairments and lay testimony in the disability determination, this Court determines whether the government's decision to defend the determination was justified.

### A. The SSA's Defense of the Commissioner's Actions Was Not Substantially Justified

Defendant asserts that its defense of the ALJ's decision was substantially justified for three reasons. First, Defendant avers that the defense was justified because Plaintiff did not raise the issue of whether the ALJ failed to consider Plaintiff's "non-severe" impairment to the Ninth Circuit. Second, Defendant contends that the defense was justified because there was a genuine dispute as to whether the ALJ adequately considered lay testimony. Third, the Defendant argues that, under applicable precedent, arguing "forcefully and well" weighs in favor of a determination of substantial justification, and that it did so here.

Defendant argues that Plaintiff's failure to raise in the Ninth Circuit the issue of the ALJ's lack of consideration of Plaintiff's non-severe PTSD impairment weighs against Plaintiff's claim that Defendant lacked substantial justification for its actions. However, whether Plaintiff raised the issue or not is beside the point. Defendant's violation of its own regulations rendered its actions without substantial justification. See Gutierrez, 274 F.3d at 1259. In Gutierrez, the Ninth Circuit held that the government's defense of the ALJ's failure to fill out a form required by regulations was unjustified because the ALJ violated a clear and unambiguous requirement. Id.

Here, Defendant's regulations state: "[The SSA] will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of sufficient severity." 20 C.F.R. § 404.1523. As determined by the Ninth Circuit, the ALJ's lack of consideration of Plaintiff's non-severe PTSD impairment violated Defendant's regulations. Hutton v. Colvin, 491 F. App'x at 850. Similar to Gutierrez, where the regulations were found to be unambiguous, Defendant has not disputed the clarity of the regulations. Thus, both the ALJ's decision and Defendant's decision to

defend it were not substantially justified because the ALJ's failure to consider Plaintiff's "non-severe" impairment had no reasonable basis in law.

Second, Defendant's argument that there was a genuine dispute over the consideration of lay testimony is unconvincing. Defendant argues that the disagreement between this Court's ruling and the Ninth Circuit's ruling supports her contention that Defendant's position was reasonable. However, "the fact that one other court agreed or disagreed with the Government does not establish whether its position was substantially justified." Pierce, 487 U.S. 569. Accordingly, this Court's previous acceptance of Defendant's position is not, without more, sufficient to establish the presence of a genuine dispute. Defendant offers no other basis for concluding that a "genuine dispute" existed. Consequently, Defendant has not met the burden of showing that the government's position was substantially justified.

Finally, Defendant suggests that it argued "forcefully and well" on a "difficult question," which Defendant says is evidence of substantial justification under Ninth Circuit law. See Bay Area Peace Navy v. United States, 914 F.2d 1224, 1231 (9th Cir. 1990) (suggesting that a "difficult question" involves an absence of precedent); Edwards v. McMahon, 834 F.2d 796, 803 (9th Cir. 1987) (describing a "difficult question" as involving complex statutory interpretation).

However, those precedents do not apply here, because this case did not present a difficult question. The Bay Area case concerned a Coast Guard regulation based on a plausible legal theory concerning whether a security zone was a free speech restriction, and there was no adverse precedent on point. Here, there is no shortage of precedent regarding the rejection of lay witness testimony in a Social Security hearing. And, unlike in Edwards, Defendant does not claim that the regulation violated by the ALJ was complex or difficult to understand. Consequently, this case did not present a difficult question.

Because all three of Defendant's arguments falter, the Court holds that Defendant lacked substantial justification for its defense of the ALJ's decision, and consequently Plaintiff's motion is GRANTED as to this issue.

//

### B. Plaintiff's Attorneys' Fees Request Is Mostly Reasonable

Upon passage, the EAJA established an hourly rate of $125 per hour in cases of this type, subject to upward cost-of-living increases. See Thangaraja v. Gonzalez, 428 F.3d 870, 876-77 (9th Cir. 2005). Plaintiff claims an hourly rate of $172.24 per hour for work performed in 2009, $175.06 per hour for 2010, $180.79 per hour for 2011, and $183.73 per hour for 2012 and 2013. Because Defendant does not contest Plaintiff's hourly rates, this Court only addresses whether the number of hours Plaintiff's attorney claims is reasonable.

The starting point for determining whether a fee is reasonable is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).[2] The applicant must exercise "billing judgment," i.e., the fees must be for services that a private client would pay for. Id. at 434 ("Hours that are not properly billed to one's client also are not properly billed to one's adversary pursuant to statutory authority."); Moreno v. City of Sacramento, 534 F.3d 1106, 1111 (9th Cir. 2008).

Here, Plaintiff requests $11,997.20 in attorneys' fees. Mot. Fees Ex. 2 at 2. Plaintiff also asks for $367.46 in fees for time spent on his reply brief. Reply at 6. Defendant objects to Plaintiff's attorney's billing of clerical tasks, and also objects to the amount of time spent by Plaintiff's attorney on certain tasks.

#### 1. Clerical Tasks

Clerical tasks should be subsumed in firm overhead, rather than billed at hourly rates. Nadarajah v. Holder, 569 F.3d 906, 921 (9th Cir. 2009). Consequently, Defendant objects to Plaintiff's billing of clerical time, namely, 1.2 hours during which Plaintiff's counsel "drafted fee petition/declaration/compiled edited hours," and 1.75 hours during which Plaintiff's counsel "marked and organized excerpts of record for copying and binding." The compiling of hours is a clerical task, as is the organizing of excerpts. However, because they are included in the same entries as billable tasks, i.e., drafting the fee petition and declaration and

---

[2] Hensley is not an EAJA case; however, the analysis generally applies to EAJA. Hensley, 461 U.S. at 433 n.7 ("The standards set forth in this opinion are generally applicable in all cases in which Congress has authorized an award of fees to a 'prevailing party.'"); Atkins v. Apfel, 154 F.3d 986, 988 (9th Cir. 1998) (applying Hensley to EAJA claim for fees in a Social Security case).

5

the marking of the record, this Court reduces the time on the fee petition by 0.2 to 1 hour, which reduces the fee award to $183.73 (1 hour times $183.73) from $220.47 (1.2 hours times $183.73). This Court also reduces the time spent on organizing the excerpts by 1.0 to 0.75 hours, which reduces the fee award to $135.44 (0.75 times $180.59) from $316.03 (1.75 hours times $180.59).

### 2. Other Bases for Fee Reductions

Defendant seeks a two-thirds reduction of Plaintiff's attorneys' fees. While Defendant's arguments have some merit, they do not justify reducing Plaintiff's attorneys' fees by two thirds.

A reviewing court "look[s] more closely" at attorney fee claims involving appeals. Moreno, 534 F.3d at 1113 (quoting Suzuki v. Yuen, 678 F.2d 761, 762-63 (9th Cir. 1982)). While courts should "generally defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case," Costa v. Comm'r of Soc. Sec. Admin, 690 F.3d 1132, 1136 (9th Cir. 2012), "a district court will always retain substantial discretion in fixing the amount of an EAJA award." Comm'r, INS v. Jean, 496 U.S. 154, 163 (1990). A reduction of fees greater than 10 percent requires clear, specific, and persuasive reasons from opposing counsel. Moreno, 534 F.3d at 1112, 1116 (allowing no more than a 10 percent "haircut" at the court's discretion). The court may consider various factors, including the novelty of the questions and the skill they require, the experience of the attorney, and whether the prevailing claim is distinct or shares a "common core of facts" with the unsuccessful claims. Hensley, 464 U.S at 434, 434 n.9, 440. Furthermore, if the reviewing court is unable to identify distinct claims, that weighs against the reasonableness of the fees. See id. at 437; Welch v. Metro. Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007) (affirming a district court's authority to reduce fees on the basis of block billing).

Defendant asserts that, because of Plaintiff's attorney's significant experience, the routine nature of the issues, the repetitive arguments raised by Plaintiff, and Plaintiff's partial, rather than full success at the Ninth Circuit, this Court should reduce all of Plaintiff's claimed fees by two thirds.

6

Defendant is correct that Plaintiff's attorney has significant experience, because she has been licensed in California since 1981, Brewer Decl. ¶ 3, and her experience has generally been in this area of law, see id. ¶ 4. Especially in light of Plaintiff's attorney's experience, the issues presented by this Social Security appeal are routine, rather than novel.

Furthermore, Defendant correctly notes that the arguments in Plaintiff's counsel's Ninth Circuit brief were identical "nearly word-for-word" to her District Court arguments. Opp'n at 5. Plaintiff does not deny this, instead claiming that his attorney's use of time was "economical." Reply at 4. This Court's comparison of the two briefs revealed that besides cosmetic citation changes, the differences largely involved modifications to the sections addressing the standard of review and the Ninth Circuit's jurisdiction, though counsel did also add and delete a few short paragraphs elsewhere. Compare MSJ at 1, 18-19 with 9th Cir. Brief at 3-4, 28-30.

Defendant argues that Plaintiff's use of the same arguments before both this Court and the Ninth Circuit shows that the time spent on both the briefs was excessive. Plaintiff block billed eight hours on the appellate brief, and given the limited changes made to the district court brief, eight hours appears to be excessive.

Defendant argues that Plaintiff obtained limited success on one issue, which weighs against a large fee award. However, the Ninth Circuit's determinations of the lay witness issue, the impact of Plaintiff's "non-severe" PTSD impairment, and the other issues Plaintiff raised on appeal (error in determining the severity of PTSD and failure to credit treating doctors) all stemmed from a common core of facts – Plaintiff's medical records. Consequently, a claim-by-claim analysis is inappropriate, and the proper focus is the relief Plaintiff sought and secured. Hensley, 461 U.S. at 435.

Plaintiff sought the same relief, either remand for payment of benefits or remand with specific remedial instructions for the ALJ, on all of the issues raised. Given that the Ninth Circuit remanded with remedial instructions, Plaintiff received the relief he sought, and this Court should not reduce the award for Plaintiff's lack of success on related legal theories.

7

1       In light of Plaintiff's attorney's experience, the routine issues involved, and Plaintiff's attorney's block billing, the Court reduces the fees for the briefs at the district court by 10 percent. This reduces Plaintiff's claim of 32 hours to 28.8 hours, which multiplied by the EAJA-authorized rate of $175.06, yields a total award of $5,041.73 for Plaintiff's district court work. This Court also reduces the fees for the Ninth Circuit brief by 10 percent in light of Plaintiff's attorney's reuse of the same work and block billing. This reduces Plaintiff's claim of 8 hours to 7.2 hours, which, multiplied by the EAJA rate of $180.59, yields an award of $1300.25 for Plaintiff's appellate work, and a total award of $6,341.98.

\* \* \*

      To summarize, Plaintiff requested $11,997.20 in attorneys' fees and further requested another $367.46 for time spent on the reply brief. However, Plaintiff's attorney impermissibly billed clerical time resulting in a total reduction of $217.33. Furthermore, some of the time spent by Plaintiff's counsel on her District Court and appellate briefs was excessive, resulting in a further reduction of $700.46. This results in a total fee award of $11,258.96.

## IV. CONCLUSION

      For the foregoing reasons, the Court finds that there was no substantial justification for either the government's defense or its decision to pursue that defense on appeal and that, with the exceptions noted above, Plaintiff's fees were reasonable. Consequently, Plaintiff's Motion for an Award of Attorneys' Fees is GRANTED in part and DENIED in part and this Court awards fees in the amount of $11,258.96.

**IT IS SO ORDERED.**

Dated: July 11, 2013                               CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE